FILED'09 MAY 27 0757USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WEST RAIL
CONSTRUCTION CO., LLC,

       Plaintiff,

v.

INLAND PACIFIC ENERGY
CENTER, LLC, and
ROBERT DOUGHTY,

       Defendants.

08-CV-818-BR

OPINION AND ORDER

ALBERT F. SCHLOTFELDT
Duggan Schlotfeldt & Welch
900 Washington St., Suite 1020
Vancouver, WA  98666
(360) 699-1201

       Attorneys for Plaintiff

STEVEN M. WILKER
Tonkon Torp LLP
888 S.W. Fifth Ave., Suite 1600
Portland, OR  97204
(503) 802-2040

       Attorneys for Defendant

1   -  OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#13) for Summary Judgment filed by Plaintiff West Rail Construction Company and the Motion (#19) for Partial Summary Judgment filed by Defendants Inland Pacific Energy Center (IPEC) and Robert Doughty.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** West Rail's Motion for Summary Judgment and **DENIES** the Motion for Partial Summary Judgment of IPEC and Doughty as follows:

(1)  **GRANTS** West Rail's Motion against IPEC as to its Claim One for breach of contract;

(2)  **DENIES** West Rail's Motion against Doughty as to its Claim Two for intentional misrepresentation; and

(3)  **DENIES** the Motion of IPEC and Doughty in its entirety.

## BACKGROUND

The following facts are undisputed unless otherwise noted.

IPEC has been in the process of developing a biofuels facility in Umatilla County.  As part of the project, IPEC needs a dedicated rail connection.  Union Pacific Railroad recommended IPEC contact West Rail to participate in the planned construction of the biofuels facility.

At IPEC's request, West Rail submitted a proposal on July 27, 2006, to IPEC to perform the necessary work.

2   -   OPINION AND ORDER

During this time, Robert Doughty, IPEC's project manager, represented to West Rail that IPEC had a commitment of $120,000,000 in funding for the project. In addition, Doughty provided a prospectus to West Rail that referred to the commitment for $120,000,000 of equity funding. This funding was to be provided by two equity investors, John Hays and John Embree, who insisted on strict confidentiality, and who were in the process of securing the funds through a confidential financing mechanism throughout 2006 and 2007.

On March 26, 2007, West Rail submitted a signed contract for its services to IPEC, which IPEC countersigned on April 26, 2007. The contract includes a provision stating West Rail will retain David Evans and Associates, Inc. (DEA), an engineering firm, to perform surveying and engineering services for the project.

West Rail then subcontracted with DEA to provide the initial design services. When DEA charged West Rail for a survey and created preliminary drawings, West Rail demanded payment from IPEC to reimburse it for the services rendered by DEA. In response, Doughty stated funding was not yet in place for IPEC to pay DEA's engineering fees even though reimbursement for the DEA engineering fees was due within 30 days of the invoice and accrues interest at the rate of one-half percent per month.

To date, neither IPEC nor Doughty have paid West Rail for DEA's engineering services.

3   -   OPINION AND ORDER

On July 8, 2008, West Rail filed a Complaint in this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In its Complaint, West Rail asserts a claim for breach of contract against IPEC and a claim for intentional misrepresentation against Doughty.

On March 9, 2009, West Rail moved for summary judgment on its claim against IPEC for breach of contract and its claim against Doughty for intentional misrepresentation.

Also on March 9, 2009, IPEC and Doughty moved for summary judgment as to West Rail's claim against Doughty for intentional misrepresentation.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id.*  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id.*

## DISCUSSION

West Rail contends it is entitled to summary judgment on its breach-of-contract claim and its intentional misrepresentation claim. IPEC concedes its liability as to West Rail's breach-of-contract claim, but it asserts a question of fact exists as to the amount of damages. In addition, IPEC and Doughty contend they are entitled to summary judgment on West Rail's intentional misrepresentation claim, or, in the alternative, they argue a question of material facts exists as to whether Doughty made an intentional misrepresentation. In any event, IPEC and Doughty assert West Rail is not entitled to summary judgment against Doughty on the intentional misrepresentation claim.

## I.    West Rail's claim for breach of contract against IPEC.

As noted, West Rail contends it is entitled to summary judgment on its breach-of-contract claim against IPEC, and IPEC concedes its liability under the contract, but asserts there is an issue of fact as to the amount of damages. West Rail does not dispute IPEC's assertion that on this record the appropriate amount of damages is unclear.

Accordingly, the Court grants West Rail's Motion for Summary Judgment as to IPEC's liability to West Rail on the breach-of-contract claim. The issue of the amount of damages that West Rail may recover, however, remains unresolved.

## II.  West Rail's claim for intentional misrepresentation.

West Rail also contends it is entitled to summary judgment on its claim against Doughty for intentional misrepresentation. IPEC and Doughty, however, argue West Rail has not produced clear and convincing evidence that it "justifiably relied" on Doughty's representations, and, therefore, IPEC and Doughty are entitled to summary judgment on West Rail's claim for intentional misrepresentation.

### A.    Intentional misrepresentation under Oregon law.

When a federal court sitting in diversity hears state-law claims, the conflicts law of the forum state is used to determine which state's substantive law applies. *Mail Boxes Etc., USA, Inc. v. Considine*, 229 F.3d 1158, 1158, (9th Cir. 2000)(citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999)).  Here it is undisputed that Oregon law applies.

This Court must interpret and apply Oregon law as the Oregon Supreme Court would apply it.  *See S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001).  If no decision by the Oregon Supreme Court is available to guide the Court's interpretation of state law, the Court must predict how the Oregon Supreme Court would decide the issue by using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Id.*  If "there is relevant precedent from the state's

intermediate appellate court, [however,] the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck and Company*, 505 F.3d 993, 995 (9th Cir. 2007)(citing *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)).

Under Oregon law, a party alleging intentional misrepresentation must establish the following by clear and convincing evidence:

> "(1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance."

*Pollock v. D.R. Horton, Inc.-Portland*, 190 Or. App. 1, 20 (2003) (quoting *In re Brown*, 326 Or. 582, 595 (1998)). *See also Oregon Pub. Employees' Ret. Bd. ex rel. Oregon*, 191 Or. App. 408, 423-24 (2004)(fraud must be proven by clear and convincing evidence).

**B.    Analysis.**

As noted, in order to be entitled to summary judgment on its intentional misrepresentation claim, West Rail must show there are not any issues of material fact as to each element of the claim and that it is entitled to summary judgment as a matter of law.  Defendants contend West Rail has not shown clear and convincing, undisputed evidence that the element of justifiable

reliance on Doughty's alleged misrepresentation has been established.

"Justifiable reliance requires a 'right to rely' which is acquired by taking reasonable precautions to safeguard one's own interests." *Gregory v. Novak*, 121 Or. App. 651, 655 (1993). The "'right to rely' element of a fraud claim under Oregon law requires proof of the reasonableness of the reliance." *Oregon Pub. Employees' Ret. Bd. ex rel. Oregon*, 191 Or. App. at 428. "Whether reliance is justifiable is to be evaluated in the totality of the circumstances." *Id.* at 427. For example, the Oregon Court of Appeals has stated:

> [I]f there is a naive and unsophisticated plaintiff on one side of the equation and an unscrupulous defendant who made active misrepresentations of fact on the other, a court might well conclude that, although a more sophisticated party would not have taken at face value the false representations of the defendant, *that* particular plaintiff was justified in doing so. In contrast, if a party is a large and sophisticated organization that has at its disposal a small army of attorneys, accountants, and hired experts to evaluate a business deal, that party . . . probably has or can obtain equal means of information and is equally qualified to judge the merits of a business proposition, thus making reliance on misstatements by another party unjustified.

*Id.* at 428 (emphasis in original; quotation and citation omitted).

The Court notes there is not any evidence in the record that shows West Rail took any action to protect its interests such as

9    -    OPINION AND ORDER

investigating the source of funding by requesting a copy of the financing commitment or asking to speak to the people who were allegedly providing the funding. *See Coy v. Starling*, 53 Or. App. 76, 81 (1981)(no justifiable reliance when plaintiff did not ask to see available records). *See also H. Naito Corp. v. Quest Entertainment Corp.*, No. 00-CV-506, WL 34041884, at *3 (D. Or. Apr. 16, 2001)(no justifiable reliance when plaintiff could have requested information from a source other than defendant); *Reid v. Evergreen Aviation Ground Logistics Enter., Inc.*, No. 07-1641, WL 136019, at *25 (D. Or. Jan. 20, 2009)(justifiable reliance found when plaintiff did independent research and asked questions). Nonetheless, justifiable reliance is to be evaluated under the totality of the circumstances. *Oregon Pub. Employees' Ret. Bd. ex rel. Oregon*, 191 Or. App. at 427.

West Rail contends that under the circumstances it had a right to rely on Doughty's representations because it had accepted successful referrals from Union Pacific Railroad in the past and those experiences gave Defendants' project an "aura of legitimacy." West Rail also points out the prospectus provided by Doughty, which includes statements that "equity funding is committed and nearing closure" and "equity funding requiring a 25 percent ownership interest in the company is committed," confirmed Doughty's representation that financing was in place.

Although West Rail's failure to investigate weighs against a finding of justifiable reliance, its past experiences with referrals from Union Pacific Railroad and the prospectus provided by Doughty weigh in favor of finding West Rail justifiably relied on Doughty's statements. Taking these facts and the totality of the circumstances in the light most favorable to Defendants for purposes of West Rail's Motion, the Court concludes on this record a question of material fact exists as to whether West Rail justifiably relied on Doughty's representations. Accordingly, West Rail is not entitled to summary judgment on its Motion as to intentional misrepresentation.

Conversely, when one views the totality of the circumstances in the light most favorable to West Rail for purposes of Defendants' Motion for Summary Judgment, the Court concludes West Rail has established a question of fact exists with respect to whether it justifiably relied on the representations of Doughty. Defendants, therefore, have not established that West Rail cannot prove each element of its claim of intentional misrepresentation. Thus, Defendants likewise are not entitled to summary judgment on this claim.

Accordingly, on this record, the Court denies West Rail's Motion for Summary Judgment as to its intentional misrepresentation claim against Doughty and also denies the

Motion of IPEC and Doughty as to West Rail's claim for intentional misrepresentation.

## CONCLUSION

For these reasons, the Court the Court **GRANTS in part** and **DENIES in part** Plaintiff West Rail's Motion for Summary Judgment (#13) and **DENIES** the Motion for Partial Summary Judgment (#19) of Defendants IPEC and Doughty as follows:

(1)  **GRANTS** West Rail's Motion against IPEC as to its Claim One for breach of contract;

(2)  **DENIES** West Rail's Motion against Doughty as to its Claim Two for intentional misrepresentation; and

(3)  **DENIES** the Motion of IPEC and Doughty in its entirety.

IT IS SO ORDERED.

DATED this 26th day of May, 2009.


ANNA J. BROWN
United States District Judge